**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-00726-WYD-PAC

MONICA BRITTON, individually and on behalf of all persons similarly situated,

       Plaintiff,

v.

CAR TOYS, INC., and
BRUCE CAMERON,

       Defendants.

_____

**ORDER GRANTING JOINT MOTION FOR RECONSIDERATION AND
MODIFICATION OF TWO ASPECTS OF SCHEDULING ORDER AND
AMENDED SCHEDULING ORDER**

_____

Patricia A. Coan, Magistrate Judge

       Having reviewed the parties' Joint Motion for Reconsideration and Modification of Two Aspects of Scheduling Order, Doc. # 36, (docketed as a Motion to Amend/Correct/Modify Scheduling Order), and finding good cause for the relief requested, it is hereby

       ORDERED that the  parties' Joint Motion for Reconsideration and Modification of Two Aspects of Scheduling Order, Doc. # 36 is GRANTED.  The Scheduling Order is AMENDED as follows:

**AMENDED SCHEDULING ORDER**

**1.     DATE OF CONFERENCE AND
APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

       The Scheduling/Planning Conference pursuant to Fed. R. Civ. P. 16(b) was held

June 16, 2005, commencing at 8:30 am, before Magistrate Judge Patricia A. Coan.

Appearing for the parties:

ATTORNEYS FOR PLAINTIFF:         ATTORNEY FOR DEFENDANTS:

Darold W. Killmer                     Bruce Anderson
Mari Newman                       Kenneth R. Stettner
Killmer, Lane & Newman, LLP       Stettner, Miller & Cohn, PC
1543 Champa Street, Suite 400       1050 17th Street, Suite 700

Denver, CO 80202                          Denver, CO 80265
(303) 571-1000                            (303) 534-0273

David Angle
Angle & Angle, LLC
1881 9th Street, Suite 315
Boulder, CO 80302
(303) 443-2200


## 2.    STATEMENT OF CLAIMS AND DEFENSES

a.    Plaintiff:

Ms. Britton, and others similarly situated, were discriminated against by

Defendants Car Toys and Bruce Cameron in hiring and the terms of conditions of their

employment, including but not limited to the denial of promotions, equal pay and

opportunity, on the basis of their sex. Ms. Britton was retaliated against for her opposition

to practices prohibited by Title VII of the Civil Rights Act of 1964, as amended.

Ms. Britton originally applied for employment with Car Toys in response to an

advertisement for a Store Manager position.  However, rather than hiring Ms. Britton for

the manager position for which she was qualified, Mr. Cameron offered Ms. Britton a

position as his assistant, at significantly less compensation than the advertised managerial

position.  Ms. Britton initially refused, as she was already gainfully employed as a retail

Store Manager in her then-current position and had reason to expect further advancement

at that company.  Mr. Cameron promised Ms. Britton that if she accepted the assistant

position, Ms. Britton would be on the "fast track" to Store Manager and to more

promising opportunities within Car Toys, Inc.  Relying on these promises, Ms. Britton was

induced to accept the position as Mr. Cameron's assistant with Car Toys, Inc. on or about

April 23, 2001.

Ms. Britton then languished in the position as Bruce Cameron's assistant at Car Toys, as Mr. Cameron continually denied Ms. Britton advancement opportunities and actively recruited and placed only men into Store Manager positions despite Ms. Britton's excellent work performance and qualifications. Ms. Britton was aware of the futility of the application process under these circumstances, as she was working closely with Mr. Cameron and had observed his repeated pattern and practice of hiring hand-selected men for Store Manager positions without using a legitimate application process that provided equal opportunity to all interested applicants, employees or interested parties.

Defendants engage in a pattern, policy and practice of gender discrimination in the terms and conditions of employment, including preventing women from being hired and/or promoted into Store Manager positions. This discrimination is ongoing and systemic.

Having been subjected to this discrimination, Ms. Britton sought relief and filed her first Charge of Discrimination with the Denver EEOC on or about August 19, 2003. After engaging in this protected activity by voicing her opposition to the discrimination to which she was subjected, Defendants then retaliated against Ms. Britton in violation of Title VII of the Civil Rights Act of 1964, as amended, by subjecting her to further disparate treatment and a hostile work environment. This discriminatory and retaliatory treatment was propagated, encouraged and/or tolerated by company management. Ms. Britton then filed another Charge of Discrimination detailing the retaliatory conduct she endured.

Ms. Britton could no longer tolerate the discriminatory, harassing, retaliatory, unreasonable and hostile working conditions at Car Toys, Inc. and was ultimately forced to leave her employment. She was constructively discharged from her employment with

Car Toys, Inc. on or about November 19, 2003.

Ms. Britton, on behalf of herself and others similarly situated, is claiming Sex Discrimination/Failure to Promote under Title VII against Defendant Car Toys, Inc. Ms. Britton also claims Retaliation under Title VII, Hostile Work Environment and Harassment under Title VII and Promissory Estoppel against Defendant Car Toys, Inc. Finally, Ms. Britton claims Intentional Interference with Contract and/or Prospective Business Advantage against Defendant Cameron.

b.      Defendants:

Car Toys, Inc. ("Car Toys") is in the business of selling mobile electronic items and accessories, as well as wireless products. Mr. Bruce Cameron is a regional manager for Car Toys.

Plaintiff was hired on April 23, 2001 as a regional administrative assistant. On April 30, 2002, Plaintiff was promoted to be an assistant store manager in the Northglenn store. On May 31, 2003, Plaintiff was transferred to the Boulder store in order to give her an opportunity to further develop her management skills. In September 2003, Plaintiff applied for a store manager position. Plaintiff was not selected for the position.

Car Toys denies it engaged in any discriminatory conduct. Car Toys denies it retaliated against Plaintiff after she filed a charge of discrimination. Car Toys denies that Plaintiff was subjected to a sexually hostile work environment. Car Toys denies it made any promises to Plaintiff regarding her future employment upon which she reasonably relied. Mr. Cameron denies that he engaged in any conduct which constituted intentional interference with contract and/or a perspective business advantage of Plaintiff.

Defendants have asserted the following affirmative defenses:

Failure to state a claim for relief; Plaintiff has failed to mitigate her damages, if any; Plaintiff's claims for damages are limited by applicable federal and state law, including 42 U.S. C. § 1981(a)(b)(3) and Colo.Rev.Stat. § 13-21-102.5; Plaintiff's claims are barred by the legal doctrines of waiver, laches and estoppel; Plaintiff was an employee "at will"; Plaintiff's claim of promissory estoppel is barred as Defendant made no promise to Plaintiff upon which Plaintiff reasonably relied; Plaintiff's claims are barred by the applicable statutes of limitation; Plaintiff's claims are barred by her failure to exhaust her administrative remedies; Defendants' actions were, at all times, based upon lawful, non-discriminatory reasons, unrelated to Plaintiff's gender; all of the actions taken by Defendants towards Plaintiff, were in good, without malice and for lawful, non-discriminatory and non-retaliatory reasons in compliance with applicable laws; Plaintiff's claim for interference with contract is barred, as Defendant, Bruce Cameron, was privileged to act as he did; and Plaintiff's claim for interference with contract is barred as Plaintiff had no enforceable contract with Car Toys.

## 3.    UNDISPUTED FACTS

The following facts are undisputed:

1. Defendant Car Toys, Inc. owns and operates several stores within Colorado,
   including

one in Boulder, Colorado, where Ms. Britton was employed.

2. At all times relevant to the allegations set forth in Plaintiff's Complaint, Defendant
   Car

Toys, Inc., has continuously been an employer within the meaning of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*

3.  Plaintiff and Defendants entered into a tolling agreement extending the limitations
    period

of the Right to Sue letters until either party revoked the tolling agreement and providing a

case be filed within 30 days of the revocation.

4.  Plaintiff revoked the tolling agreement on March 29, 2005 and commenced this
    action

within 30 days of said revocation.

5.  Defendant Car Toys, Inc. is a Washington corporation, doing business in several
    stores in

Colorado, including a store in the City and County of Boulder, Colorado.

6.  Defendant Bruce Cameron was a Regional Manager for Car Toys, Inc. at the time
    of the

events giving rise to this case.

## 4.    COMPUTATION OF DAMAGES

Plaintiff has filed this case as a class representative on behalf of herself and others

similarly situated.  Ms. Britton claims, on behalf of herself and others similarly situated,

actual economic losses, including lost wages and benefits, and consequential,

compensatory, and punitive damages in amounts to be determined at trial, as well as

attorneys fees and costs, interest, and all other damages and relief legally recoverable

including equitable relief.  A more detailed description of Plaintiff's Britton's damages will

be provided to Defendants in the normal course of discovery and through a damages

analysis performed by an economic expert who may be retained by Plaintiff.  A more

detailed description of class members' damages will be provided if and when the case is

certified as a class action and pursuant to this Court's further orders.

### 5.     REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   The Fed. R. Civ. P. 26(f) meeting was held by telephone on May 11, 2005.

b.   Darold W. Killmer, counsel for Plaintiff, and Bruce Anderson, counsel for Defendants, participated in the meeting.

c.   Changes in the timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1) were proposed by the parties, as illustrated below.

d.   Disclosures required under Fed. R. Civ. P. 26(a)(1) were made on or before June 24, 2005.

e.   The parties will cooperate in the exchange of discoverable information.

### 6.     CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 7.     CASE PLAN AND SCHEDULE

a.   Deadline for Joinder of Parties and Amendment of Pleadings:  July 29, 2005. Deadline for Motion for Class Certification: February 28, 2006; Response to Motion for Class Certification due March 20, 2006; Reply due March 31, 2006.

b.   Discovery Cut-off:  May 1, 2006

c.   Dispositive Motion Deadline:  June 1, 2006.

d.   Expert Witness Disclosure:

(1)     Plaintiff may retain an expert in the area of economic damages and statistical analysis.

(2)     The parties propose a limitation of three expert witnesses per side.

(3)     The parties shall designate all experts and provide opposing counsel

with

all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 24, 2006.

        (4)      The parties shall designate all rebuttal experts and provide opposing

counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before February 23,

2006.

        (5)      Notwithstanding the provisions of Fed. R. Civ .P. 26(a)(2)(B), no

exception to the requirements of the rule will be allowed by stipulation of the parties

unless the stipulation is approved by the court.

    e.  Deposition Schedule

| Name of Deponent | Date of Deposition | | Time of |
| --- | --- | --- | --- |
| Deposition | Expected Length of Deposition | | |
| *Monica Britton* | *1/16/06* | *9:30 am* | *7 hours* |
| *Bruce Cameron* | *1/18/06* | *9:30 am* | *7 hours* |
| *30(b)(6) Representative of Defendant Car Toys, Inc.* | *12/8/05* | *9:30 am* | |

*                                                     7 hours*

Additional deponents may be added as discovery progresses.

    f.   Interrogatory Schedule: All interrogatories for individual case shall be

propounded on or before January 31, 2006.

    g.   Schedule for Request for Production of Documents: All requests for

production of documents for individual case shall be propounded on or before January 31,

2006.

    h.  Discovery Limitations:

      (1) The parties agree that each party may depose up to ten witnesses, plus

experts.  Additional depositions may be scheduled if good cause is shown and leave of

Court is obtained.

(2) The parties agree to limit the length of depositions to seven (7) hours, unless

a longer deposition is agreed to by the parties, or ordered by the Court.

(3) The parties do not propose any modifications to the presumptive numbers of

depositions or interrogatories contained in the federal rules.

(4) The parties propose a limitation of 25 requests for production of documents

per side and 25 requests for admissions per side.

(5) Other Planning or Discovery Orders: The parties anticipate that if a class is

certified, a Supplemental Scheduling Order may be necessary to address the timing of

discovery related to class action claims.

## 8.      SETTLEMENT

The parties have discussed the possibilities for a prompt settlement or resolution of

the case by alternate dispute resolution.  The parties will report the result of any settlement

efforts to the Magistrate Judge within ten (10) days of the meeting.

## 9.      OTHER SCHEDULING ISSUES

a.      Other discovery or scheduling issues on which counsel, after a good-faith

effort, were unable to reach an agreement:  None.

b.      The parties anticipate a five-day trial to a jury.

## 10.      DATES FOR FUTURE CONFERENCES

a.      The parties will seek to schedule a settlement conference with the Court for

a date subsequent to the deposition of Plaintiff.

       c.     A Final Pretrial Conference will be held in this case on June 6, 2006, at 9:30 a.m.  A Proposed Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than June 1, 2006.

**11.    OTHER MATTERS**

       In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

       In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

       With respect to discovery disputes, the parties must comply with D.COLO.LCivR 7.1A.

       The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR. 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

**12.    AMENDMENTS TO SCHEDULING ORDER**

       This Amended Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 21st day of November 2005.

                             BY THE COURT:

                             s/Patricia A. Coan
                             Patricia A. Coan
                             United States Magistrate Judge

Approved as to Form:

ATTORNEYS FOR PLAINTIFF:                  ATTORNEYS FOR
DEFENDANTS:

s/ David Angle                            s/Bruce Anderson

_____                   _____
Darold W. Killmer                         Bruce Anderson
Mari Newman                               Kenneth R. Stettner
Killmer, Lane & Newman, LLP               Stettner, Miller, Cohn, PC
1543 Champa Street, Suite 400             1050 17th Street, Suite 700
Denver, CO 80202                          Denver, CO 80265
(303) 571-1000                            (303) 534-0273

David Angle
Angle & Angle, LLC
1881 9th Street, Suite 315
Boulder, CO 80302
(303) 443-2200