IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00726-WYD-PAC

MONICA BRITTON, individually and on behalf of all persons similarly situated,

    Plaintiff(s),

v.

CAR TOYS, INC.; and
BRUCE CAMERON,

    Defendant(s).

## MINUTE ORDER

### ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN

    IT IS HEREBY **ORDERED** that Plaintiff's Motion for Entry of Stipulated Protective Order Concerning Confidential Information dated November 4, 2005 (doc. 33) is Granted. The attached Protective Order is made an order of the Court on this date.

Dated: February 17, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2005-cv-00726-WYD-PAC

MONICA BRITTON,

Plaintiff,

v.

CAR TOYS, INC. and
BRUCE CAMERON,

Defendants.

## STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION

The parties, by and through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be defined as: (a) documents

1

and information produced by Car Toys, Inc., and/or Bruce Cameron, ("Defendants"), or any of Defendants' agents or representatives, when designated as "confidential" as provided herein, concerning confidential or proprietary business information or confidential information regarding current or former employees of Defendants, including confidential personnel or personnel-related documents or internal memoranda, and (b) documents and information produced by or obtained through releases produced by Plaintiff, concerning individual medical, financial and/or tax records, shall also be treated as confidential.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives for the entity Defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain verbal or written agreement from such person that he or she will be bound by its provisions.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within fifteen (15) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL

3

under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED TO AND APPROVED AS TO FORM this 26th day of October, 2005.

| /s/ Mari Newman | /s/ Bruce Anderson |
|---|---|
| Darold Killmer | Bruce Anderson |
| Mari Newman | Kenneth R. Stettner |
| KILLMER, LANE & NEWMAN, LLP | STETTNER, MILLER, COHN, PC |
| 1543 Champa Street, Suite 400 | 1050 17th Street, Suite 700 |
| Denver, CO 80202 | Denver, CO 80265 |
| (303) 571-1000 | (303) 534-0273 |
| | |
| David Angle | *Attorneys for Defendants* |
| ANGLE & ANGLE, LLC | |
| 1881 9th Street, Suite 315 | |
| Boulder, CO 80302 | |
| (303) 443-2200 | |

*Attorneys for Plaintiff*

DONE AND ORDERED this 17th day of February, 2006

BY THE COURT:

s/ Patricia A. Coan
Patricia A. Coan
MAGISTRATE JUDGE

4