IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00726-WYD-PAC

MONICA BRITTON, individually and on behalf of all persons similarly situated,

    Plaintiff(s),

v.

CAR TOYS, INC.; and
BRUCE CAMERON,

    Defendant(s).
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

Patricia A. Coan, Magistrate Judge

    This is a Title VII case, in which plaintiff claims sex discrimination and retaliation in connection with the defendant's failure to promote her.  Plaintiff also brings state law claims of breach of contract and promissory estoppel.  On April 28, 2005, this case was referred to the undersigned for pretrial case management pursuant to 28 U.S.C. §§636(a) and (b).  The matter now before the Court is Plaintiff's Motion to File Amended Complaint, Doc. # 61, filed March 24, 2006.  Defendant has responded and plaintiff has replied.  Oral argument would not be of material assistance.

I.

    Plaintiff, a former Car Toys employee, contends that, while employed by Car Toys, she was denied a management position, was retaliated against and eventually,

04-cv-02595-WDM-PAC
June 16, 2006

was constructively discharged. Plaintiff moves to amend her complaint allegedly to conform to the evidence obtained in discovery. Ms. Britton asks to delete "in Colorado" in her complaint and to expand her claims to include all women who applied for management positions while employed by Car Toys and all women who applied for work in management positions with Car Toys nationwide. Plaintiff further seeks to add all persons employed by Car Toys nationwide who were subjected to adverse employment actions from April of 2001 until the present time because they opposed practices prohibited by Title VII.

Plaintiff argues that defendant would not be prejudiced by such amendments because discovery has shown that the purported class should be nationwide and should include all women who applied for jobs with Car Toys in management positions, as well as those already employed who were not promoted to management. See Doc. # 61 at 1-3. Plaintiff bases her request to amend on unidentified "recent depositions and written discovery," but expressly upon a single deposition, which is that of Car Toys's Rule 30(b)(6) representative. That representative, Ms. Fitzgerald, said in her deposition that there had never been a female regional manager for Car Toys; that there had been only four female store managers; and that none of those managers were still employed by the defendant. See Doc # 61 at 3-4, and *id.*, Fitzgerald deposition, Ex. 2 at 2-3.

Defendant objects to any amendment, arguing that the motion is untimely,

04-cv-02595-WDM-PAC
June 16, 2006

prejudicial to defendant, and that plaintiff lacks good cause to amend.  Car Toys contends that plaintiff received written discovery responses on November 14, 2005, see Def. Response at 5; that Fitzgerald was deposed on January 24, 2006;  and that plaintiff waited at least two months thereafter to file her motion to amend.   Car Toys argues that even if plaintiff was not promoted, that fact cannot allow her to expand her complaint to those not similarly situated with her.  Car Toys finally claims prejudice because, as of the end of March of this year, discovery had been substantially completed, and if plaintiff's motion were to be granted, more discovery, and particularly voluminous (presumably nationwide) discovery would have to be done.  *See id.* at 1-2.

Plaintiff replies that she has demonstrated good cause in that the information on which she wishes to premise her amended complaint was made known after the scheduling order's deadline for amendment of pleadings.  She further claims that plaintiff is a suitable representative of a class of women who were not hired into management positions and that she is simply seeking to amend her complaint at this point because the definition of the class and class certification are not yet at issue. See *id.* at 3-4.

04-cv-02595-WDM-PAC
June 16, 2006

## II.

Rule 15, Fed. R.Civ.P. governs a motion to amend a complaint.[1]  Rule 15(a) provides for liberal amendment of pleadings, even after a responsive pleading has been filed.   Leave to amend is discretionary with the court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow  v. Euripides Devel. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998).  Amendment under the rule has been freely granted.  *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). Refusing leave to amend is justified, however, upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive.  *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182,1185 (10th Cir. 1990).  Untimeliness or undue delay is cause for denying leave to amend without any showing of prejudice to the other party. *See id.*; *Frank v. U.S. West*, 3 F.3d 1357, 1365  (10th Cir. 1993)(motion to  amend filed four months after the deadline denied as untimely).  Finally, futility may

---

[1]The Rule states:

Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Rule 15, Fed. R. Civ. P.

04-cv-02595-WDM-PAC
June 16, 2006

be another reason to deny amendment.  *See Bradley v. Val-Mejias*, 379 F.3d 892 (10th Cir. 2004).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *Jefferson County School Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999).

    Notwithstanding Rule 15's liberal application, this court has required good cause under Fed. R. Civ. P. Rule 16(b), to amend a complaint after the Scheduling Order's deadline has passed.  *See Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D 684, 688 (D. Colo. 2000) (M.J. Boland) (denying motion to amend complaint for the failure to show good cause and defining "good cause" as demonstrating that the scheduling deadlines cannot be met despite a party's diligent efforts.)  Accordingly, after the amendment deadline has passed, a two step analysis is required.  *Pumpco, Inc.* v. *Schenker International, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).  If Rule 16(b)'s good cause requirement is met, then the court may consider whether leave to amend should be permitted under Rule 15(a).  *Id.*  Rule 16(b) thus establishes a "more stringent standard, requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court."  *Colorado Visionary Academy*, 194 F.R.D at 687 (internal citations omitted).

    In this case, the Scheduling Order's deadline to amend pleadings was July 29, 2005. See July 13, 2005 Scheduling Order, ¶7.a.  The discovery deadline, as extended, was May 1, 2006 and the twice-extended dispositive motions deadline was

04-cv-02595-WDM-PAC
June 16, 2006

June 15, 2006.  Plaintiff moved for amendment of her complaint eight months after the July 29, 2005 deadline, four months after receipt of defendants' discovery responses in November 2005, and approximately two months after taking the Fitzgerald deposition in January of 2006.

### III.

Basing her motion to amend on the Fitzgerald deposition testimony, plaintiff moves: (1) to delete the reference to "in Colorado"; (2) to expand her complaint to a nationwide pattern and practice of discrimination against women seeking management positions, including  management positions sought at the time of hiring and management positions sought after having been employed by Car Toys; and (3) to expand her complaint to a nationwide pattern and practice of Car Toys's taking adverse employment actions against employees who opposed practices prohibited by Title VII.

*A. Timeliness of Motion*

Defendants argue that the motion is untimely because plaintiff waited at least two months after taking the Fitzgerald deposition, and at least four months after receiving written discovery responses to file her motion.  While filing a motion to amend two to four months after receiving new information could be considered a lack of diligence, I recommend finding that the timing of the motion *was not so late that plaintiff's counsel exhibited a lack of diligence.  But*, see Frank, 3 F.3d at 65 (denial of motion to amend filed four months after deadline as untimely).

04-cv-02595-WDM-PAC
June 16, 2006

### B. Expansion of Retaliation claim

Plaintiff has not provided any explanation for nor provided any information obtained in discovery which would allow amending the complaint to include "all persons who have been subjected to adverse actions by Defendants because they opposed practices prohibited by Title VII from April 2001 to present." Consequently, absent an explanation that new information was obtained in discovery, so that late amendment could be justified, plaintiff has not demonstrated diligence or good cause for this claim and I therefore recommend that the complaint not be amended to include those persons Car Toys allegedly retaliated against nationwide.

### C. Expansion of Failure to Promote Claim to Nationwide Claim

In her original complaint, filed April 20, 2005, plaintiff alleged that defendant had a "glass ceiling policy and practice" which resulted in discriminatory failure to promote Ms. Britton while she was Car Toys's employee. See Compl. ¶1. Ms. Britton claimed that she and others similarly situated were "discriminated against on the basis of their sex, denied promotions, equal pay and opportunity." See *id.* ¶18. Ms. Britton identified the class she would represent to "include all women who have been employed Car Toys [sic] in Colorado between April 2001 and present..." *Id.* ¶17. Plaintiff alleged that defendants recruited and placed only men into Store Manager positions, see *id.* ¶22, For purposes of this Recommendation only, I find that plaintiff's

7

04-cv-02595-WDM-PAC
June 16, 2006

allegations state a Title VII disparate treatment in promotion claim.[2]

With respect to the "in Colorado" modifier in her complaint limiting Britton's claims to Colorado, and with respect to expanding the class of persons plaintiff now purports to represent to a nationwide class of women employed by Car Toys during the relevant time period who were denied promotions because they were female, I recommend finding that there is new information based on the Fitzgerald deposition which was not known to plaintiff at the time she filed her complaint on April 20, 2005.

Defendant claims that amendment would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist.,* 175 F.3d at 859. I recommend finding that Ms. Britton has not provided the Court with new information gleaned from discovery showing that all the Car Toys stores were under a single personal policy or that employment decisions were made at a national level or that there is or was any other centralized employment policy or practice which applied to all the stores nationwide. I further recommend finding that the only competent evidence Ms. Britton points to in support of her motion to expand her claims is the Fitzgerald deposition testimony in which Fitzgerald said that there never has been a female regional manager at Car Toys and that there were four female Car

---

[2]In disparate treatment discrimination "[t]he employer simply treats some people less favorably than others because of their race, color, religion, sex or national origin." *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335 n. 15 (1977).

04-cv-02595-WDM-PAC
June 16, 2006

Toys store managers who are no longer with the company.  Moreover, while the factual basis for an expanded claim is very weak and while an amendment to expand the failure to promote claim to Car Toys nationwide may be subject to a motion to dismiss for insufficiency of the pleadings[3], the test now before me is Rule 15's futility test and not Rule 12(b).  Accordingly, I recommend finding that the Fitzgerald testimony may be enough factually to amend plaintiff's complaint to state a claim for alleged nationwide sex discrimination in Car Toys's failure to promote women and that such amendment would not be futile. I further recommend finding that the expansion of the present claim of failure to promote women to a nationwide  failure to promote claim should, absent other reasons to deny amendment of the complaint, be permitted.

*D. Addition of Nationwide Class Claim of Failure to <u>Hire</u> into Management Positions*

The next question is whether plaintiff should be allowed to expand her failure to promote claim to include Car Toys's alleged failure to *hire* women directly into management positions.  A related issue is whether plaintiff, claiming failure to promote, is representative of the class of women who were not *hired* into management positions at Car Toys.

---

[3] Rule 12(b)(6) provides for dismissal for the failure to state a claim  "unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief." *See e.g., Coburn v. Nordeen*, 72 Fed. Appx. 744, 745 (10th Cir. 2003)(internal citation omitted).

04-cv-02595-WDM-PAC
June 16, 2006

I recommend finding that this plaintiff who complains of not being promoted, should not be allowed to add a claim of failure to hire to her complaint.  Plaintiff has not pointed to new information obtained in discovery going to this claim which would justify a late motion for amendment, and thus has not established good cause for her failure to amend the complaint to include a claim of failure to hire within the scheduling order's deadline.

Plaintiff further contends that she could represent a class of those women not hired directly into management positions at Car Toys and that her complaint should be so amended.  I find that *General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147 (1982) is instructive on this point.  In *Falcon*, the Court decided that the plaintiff, who claimed he was not promoted because he was Mexican-American, could *not* be permitted to maintain a class action on behalf of Mexican-American applicants for employment who were not *hired*.  See *Falcon*, 457 U.S. at 156-161.  The Court noted that it had "repeatedly held that 'a class representative must be part of the class' and 'possess the same interest and suffer the same injury' as the class members.'" *Id.* at 156 (internal citation omitted).  The Court found that, under a Rule 23 analysis, evidence to support Falcon's denial of promotion due to his national origin did not necessarily justify the additional inferences that Falcon's alleged discriminatory treatment was typical of defendant's promotion practices or that defendant's promotion practices were motivated by a policy of ethnic discrimination that pervaded Falcon's

04-cv-02595-WDM-PAC
June 16, 2006

division or that a policy of ethnic discrimination was reflected in the employer's other employment practices, such as hiring, in the same way it was manifested in its promotion practices.  See *id.*, at 158.  For that reason, the Court found that Falcon could not be a class representative for a class of Mexican Americans who were not hired.

Similarly, here, I recommend finding that Ms. Britton, as a plaintiff who claims she was not promoted because she is a woman, is not likely to meet the requirements of Rule 23 concerning representation of a group of women who were not *hired* because she does not "possess the same interest and [has not suffered] the same injury" as women who were not hired.  I recommend finding that it would be futile to allow amendment of the complaint so that plaintiff would be the reputed representative of the women who applied, but were not directly hired into, management positions at Car Toys.

   *E. Undue Prejudice to Defendants*

Even if the complaint could be amended to expand the Colorado failure to promote claim to a nationwide failure to promote claim, I must consider defendants' argument that such amendment would be unduly prejudicial.  Plaintiff responds that defendant would not be prejudiced because all that would need to be produced would be nationwide files.  See Pl. Reply at 3.

Prejudice under Fed.R.Civ.P. 15 "means undue difficulty in prosecuting or

04-cv-02595-WDM-PAC
June 16, 2006

defending a lawsuit as a result of a change of tactics or theories on the part of the other party." *Federal Deposit Ins. Corp. v. Berr*, 643 F.Supp. 357, 359 (D.Kan.1986) (internal citation omitted)(quoting *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir.1969)). The burden of proof to show prejudice is on the party opposing the amendment of the pleadings. *Id.* (citing *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir.1977)).

In this case, discovery closed on the extended deadline of May 1, 2006, five weeks after Ms. Britton filed her motion to amend. The dispositive motions deadline was extended twice and was finally set at June 15, 2006. Defendants argue that, if plaintiff were permitted to amend her complaint, discovery would have to be reopened and conducted on a nationwide scale to defend against a new theory of nationwide discrimination; additional dispositive motions would probably be filed, and this case, which is ready for a final pretrial conference and for trial, would have to start all over again, resulting in delay and undue prejudice to defendants. I recommend finding that, even if amendment were permitted only to expand the failure to promote claim to a nationwide claim, reopening discovery, defending against a substantially expanded claim, and filing additional dispositive motions would be unduly burdensome for defendants. I therefore recommend that plaintiff's motion to amend to expand her failure to promote claim be denied because of undue prejudice to defendants.

04-cv-02595-WDM-PAC
June 16, 2006

IV.

For the reasons stated, it is hereby

**RECOMMENDED** that Plaintiff's Motion to File Amended Complaint, Doc. # 61, filed March 24, 2006 be denied.

**Within ten days after being served with a copy of the proposed findings and recommendation of the magistrate judge, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated June 16, 2006.	By the Court:
	s/Patricia A. Coan
	Patricia A. Coan
	Magistrate Judge