IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00726-WYD-PAC

MONICA BRITTON, individually and on behalf of all persons similarly situated,

    Plaintiff,

v.

CAR TOYS, INC.; and
BRUCE CAMERON,

    Defendants.
_____

**ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL**
_____

Patricia A. Coan, Magistrate Judge

    This is a Title VII case, in which plaintiff claims sex discrimination and retaliation in connection with the defendant's failure to promote her.  Plaintiff also brings state law claims of breach of contract and promissory estoppel.  On April 28, 2005, this case was referred to the undersigned for pretrial case management pursuant to 28 U.S.C. §§636(a) and (b).  The matter now before the Court is Plaintiff's Second Motion to Compel Discovery, Doc. # 95, filed June 22, 2006.  Defendant has responded (doc. # 108, filed July 17, 2006) and plaintiff has replied (doc. # 120, filed August 10, 2006).  Oral argument would not be of material assistance.

    Plaintiff, a former Car Toys employee, contends that, while employed by Car Toys, she was denied a management position, was retaliated against and eventually, was constructively discharged.  In plaintiff's second Motion to Compel, she seeks to

compel discovery of defendant Car Toys' financial information, arguing that she is entitled to this information because she seeks punitive damages. She also seeks to compel discovery relating to Car Toys' hiring practices, as well as discovery regarding promotion of women to management positions on a nationwide basis.[1]

*Requested Discovery Relating to Car Toys' Financial Reports*

Plaintiff seeks information from Car Toys' annual reports, profit and loss statements and balance sheets in Document Requests 10 and 11. She argues she is entitled to this financial information because she seeks punitive damages. Car Toys responds that the motion should be denied because financial information was previously sought by plaintiff and denied by the court at the hearing on plaintiff's first Motion to Compel (*see* Minutes from March 27, 2006 hearing, doc. # 63). In this second Motion to Compel, plaintiff bases her request for the financial discovery on the assertions in ¶¶ 44 and 50 of her complaint, which are the bases for punitive damages stemming from plaintiff's retaliation and hostile work environment claims.

The 1991 Civil Rights Act limits punitive damages awards to cases of intentional discrimination only against a defendant (other than a government, government agency or political subdivision) if the plaintiff demonstrates that the defendant engaged in a discriminatory practice with malice or with reckless indifference to the federally protected rights of an aggrieved individual. 42 U.S.C. § 1981a(b)(1); *Kolstad v.*

---

[1]In her reply to her second Motion to Compel, plaintiff states that she is no longer seeking nationwide class certification, but that the proposed class would be limited to Colorado. Plaintiff's reply, filed August 10, 2006 [doc. # 120] fn. 2 at 4.

*American Dental Ass'n*, 527 U.S. 526, 533-34 (1999). Neither "malice" nor "reckless indifference" requires "a showing of egregious or outrageous" conduct, but instead requires proof that the employer acted "in the face of a perceived risk that its actions [would] violate federal law." *McInnis v. Fairfield Communities, Inc.*, 458 F.3d 1129, 1136 (10th Cir. 2006), quoting *Kolstad*, 527 U.S. at 535-36.[2] The standard for punitive damages, however, cannot be satisfied by a showing of intentional discrimination alone. A plaintiff must prove that the defendant acted with malicious, willful or gross disregard of a plaintiff's rights over and above intentional discrimination. *Juarez v. ACS Government Solutions Group, Inc.*, 314 F.3d 1243, 1247 (10th Cir. 2003) (*citations omitted*). The plaintiff's request for production relating to Car Toys' financial information does not present anything new or different from her previous request and does not appear to be based on anything beyond the assertions in her complaint. *See* Complaint, ¶¶ 44, 50 at 7-8. Accordingly, I do not find any basis to reverse Magistrate Judge Coan's previous ruling denying plaintiff's request for Car Toys' financial discovery, so I deny this portion of the plaintiff's Second Motion to Compel.

*Requested Discovery Regarding Scope of Class Membership*

Next, plaintiff argues that she is entitled to unspecified discovery relating to her class action claim to obtain information regarding Car Toys' hiring practices, and also

---

[2] An employer may be either directly or vicariously liable for the malicious or recklessly indifferent acts of its officers and employees. I do not consider this type of liability for punitive damages here because plaintiff has not alleged in her complaint that such liability on the part of Car Toys should be imposed for the actions of defendant Bruce Cameron.

to expand the scope of discovery on her failure to promote claim to include the Washington state region. In a previous Recommendation on plaintiff's Motion to Amend Complaint, filed June 16, 2006 [doc. # 93] and adopted by Judge Daniel on July 11, 2006 [doc. # 107], the scope of plaintiff's class discovery was limited to Colorado. June 16, 2006 Recommendation, doc. 93 at 9-11. Plaintiff argues that, as a result of statements made by Car Toys' rebuttal expert in his report - that the relationship between the small number of female assistant store manager hires and the relatively small number of female management position applicants is not statistically significant, and thus she is now entitled to expand her discovery to inquire into Car Toys' hiring practices, and undertake discovery on her failure to promote in the Washington region. Car Toys objects to the proposed discovery, arguing that the court previously denied plaintiff's requests on these grounds.

The Recommendation to deny the Motion to Amend Complaint specifically recommended denying plaintiff's motion to allow her to expand her failure to promote claim into a failure to hire claim. *See* June 16, 2006 Recommendation [doc. # 93] at 9.[3] Plaintiff's requested discovery regarding the hiring practices of Car Toys' Washington region is the second attempt to obtain discovery that was previously not allowed. Notwithstanding plaintiff's characterization of Car Toys rebuttal expert's testimony, the requested discovery relating to hiring practices is denied.

---

[3]Judge Daniel adopted the Recommendation as an Order on July 11, 2006 [doc. # 107].

Finally, with regard to plaintiff's requested discovery of information from Car Toys' Washington promotion practices, I recognize that the plaintiff's attempted expansion of the failure to promote claim into a nationwide claim was rejected in the denial of the motion to amend and that plaintiff subsequently decided to limit the scope of the prospective class to plaintiffs in Colorado. In her reply to her Second Motion to Compel, plaintiff states that she will not be seeking national class certification, but the proposed class will be limited to Colorado.[4]  Reply fn. 2 at 4. As a result, I can find no appropriate ground on which to allow the discovery requested by plaintiff relating to Car Toys' promotional practices in Washington.

*Order*

For the reasons stated, it is hereby

ORDERED  that Plaintiff's Second Motion to Compel, Doc. # 95,  filed June 22, 2006 **is denied in its entirety**.


Dated October 4, 2006.

                                    By the Court:
                                    s/Michael J. Watanabe *for*
                                    Patricia A. Coan
                                    United States Magistrate Judge

---

[4]The Motion to Certify Class is set for hearing before Judge Daniel on October 23, 2006.