IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-726-WYD-PAC

MONICA BRITTON, individually and on behalf of all persons similarly situated,

      Plaintiff(s),

v.

CAR TOYS, INC; and
BRUCE CAMERON,

      Defendant(s).

---

## ORDER

---

THIS MATTER came before the Court following a hearing on Monday, October 23, 2006, at 1:30 p.m., on Plaintiff's Motion for Class Certification, filed July 26, 2006 (docket #113) (the "motion").  The Court, having reviewed the motion, the response, the reply, the relevant case law, and having heard argument at the hearing, **DENIES** Plaintiff's Motion for Class Certification.

I.    BACKGROUND

    This employment action is brought by Plaintiff Monica Britton, individually, and on behalf of other women similarly situated.  Plaintiff contends that discriminatory promotion policies, combined with a corporate culture that fostered a sexually hostile work environment, effectively prevented women from attaining management positions within Defendant Car Toy's Inc.'s ("Car Toys") workforce.

    According to the Complaint, Plaintiff originally applied for employment with Car

Toys in 2001 in response to an advertisement for a store manager position.  Plaintiff was not offered the manager position, but was offered a position as Assistant to Regional Manager Defendant Bruce Cameron ("Cameron") at the South Aurora, Colorado Car Toy's location.  Plaintiff contends that she accepted the assistant position in April, 2001, based on Defendant Cameron's representations that she would be on a "fast track" to the store manager position.  Plaintiff was subsequently employed as an assistant manager at the Boulder and Northglenn store locations.  According to Plaintiff, she was repeatedly passed over for promotion to store management positions despite the fact that she was more experienced and better qualified than the men who were ultimately hired.

Plaintiff filed her first Charge of Discrimination with the Denver District Office of the United States Equal Employment Opportunity Commission ("EEOC") on or about August 19, 2003, alleging systemic discrimination resulting in Defendants' failure to promote her to the store management position.  She filed a second charge on or about November 7, 2003, alleging retaliation and hostile work environment, and a third charge on or about December 11, 2003, alleging termination as the result of constructive discharge.  The EEOC terminated its investigation and issued right to sue letters on all three of Plaintiff's charges on July 29, 2004.

Plaintiff asserts claims against Car Toys for sex discrimination/failure to promote under Title VII, retaliation, hostile work environment and harassment under Title VII, and promissory estoppel.  Plaintiff also brings claims against Defendant Cameron for intentional interference with contract and/or prospective business advantage.  Plaintiff

brings her first claim for failure to promote on behalf of herself and a class of

individuals similarly situated.  Plaintiff seeks declaratory and injunctive relief, actual

economic damages for herself and the putative class members, compensatory

damages for herself and the putative class members, interest and attorneys' fees.

In the instant motion, Plaintiff's seeks to certify a class defined as:

> All women employed by Car Toys or who applied for
> management positions with Car Toys from 2000 through
> January 1, 2006 who have been subjected to Car Toys'
> discriminatory policies and practices related to promotion,
> harassment and retaliation.

[hereinafter referred to as "the Class].  While the proposed class contains no

geographic limitation, Plaintiff has acknowledged that her proposed class is limited to

women who applied for positions, or were employed by Car Toys in the State of

Colorado.[1]  Therefore, I consider Plaintiff's request for class certification to be limited to

the Colorado region.

Defendants oppose the motion, arguing that this Court lacks jurisdiction to

consider a class comprised of anyone other than women who could have filed a timely

charge of discrimination alleging they were denied promotion to a management position

in Colorado.  According to Defendants, these are the only putative members who have

exhausted their administrative remedies.  Defs. Rsp. at 5-9.  Defendants further assert

that Plaintiff has not met the four threshold requirements of Rule 23 on behalf of the

---

[1] In response to her second motion to compel discovery, Plaintiff states that she
has determined "not to seek national class certification, but instead to limit certification
to the Colorado region."  Plaintiff confirmed this position on the record at the hearing.

putative class members for which administrative remedies were exhausted, and that Plaintiff has not met the requirements of Rule 23(b)(2) or (b)(3).  Defs. Rsp. at 9-27.

II.    ANALYSIS

A.    Scope of Class / Exhaustion of Administrative Remedies

Before I address the requirements of Rule 23, I must first address Defendants' contention that the court lacks jurisdiction over the proposed class because the purported class has failed to exhaust its administrative remedies.  As discussed above, Plaintiff seeks to certify a class comprised of "all women employed by Car Toys or who applied for management positions with Car Toys from 2000 through January 1, 2006 who have been subjected to Car Toys' discriminatory policies and practices related to promotion, harassment and retaliation."  Defendants contend that the putative class must be limited to one comprised only of "female employees who were denied promotion to a management position in a Colorado store between October 23, 2002 and July 29, 200[4]."  Defendants contend that putative class members who applied to management positions, but were never hired by Car Toys, and putative class members who were retaliated against, harassed and constructively discharged cannot satisfy the administrative exhaustion requirement.

Exhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII action in federal court.  *Khader v. Aspin*, 1 F.3d 968 (10th Cir. 1993). Exhaustion of administrative remedies must be completed by the person aggrieved. *See* 42 U.S.C. § 2000e-16(c) (1999) ("[A]n employee or applicant for employment, if aggrieved by the final disposition of his complaint . . . .").  To exhaust administrative

remedies, a Title VII plaintiff generally must present his or her claims to the EEOC as part of his or her timely filed EEOC charge for which he or she has received a right-to-sue letter. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The charge tells the EEOC what to investigate, provides it with the opportunity to conciliate the claim, and gives the charged party notice of the alleged violation. *See Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir.1997). Thus, requiring a plaintiff to have first presented claims in an EEOC charge before bringing suit serves the dual purposes of ensuring the EEOC has the opportunity to investigate and conciliate the claims and of providing notice to the charged party of the claims against it. *See Seymore*, 111 F.3d at 799.

Generally, a plaintiff may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter. *Simms*, 165 F.3d at 1327 (10th Cir. 1999). However, federal courts recognize an exception to this general rule, and permit plaintiffs who did not file timely EEOC charges to "piggyback" onto another party's timely filed charge so long as they could have filed charges at the time the other party filed his or her charge. *See Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1197 (10th Cir. 2004)*; Thiessen v. General Elec. Corp.*, 267 F.3d 1095, 1111 (10th Cir. 2001) (noting that the pertinent question to be asked regarding piggybacking was whether "each of the proposed opt-in plaintiffs could have filed a timely EEOC charge at the time Thiessen filed his charge"), *cert. denied*, 536 U.S. 934 (2002); *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 680 (D. Colo. 1997) ("the administrative filing requirements are satisfied for all putative class

members who could have filed an EEOC complaint at the time one of the representative plaintiffs filed such a complaint"); *Walker v. Mountain States Tel. & Tel. Co.*, 112 F.R.D. 44, 47 (D. Colo. 1986) ("[a] named plaintiff . . . may represent only those similarly situated individuals who either have filed timely charges with the EEOC or who could have filed a timely charge on the same date as the named plaintiff").

In this case, it appears that none of the putative class members can individually satisfy the administrative exhaustion requirement.  Therefore, I must determine whether the putative class members are similarly situated to Plaintiff and whether they could have filed a timely charge with the EEOC on the same date as Plaintiff, with respect to each of the claims Plaintiff seeks to bring on behalf of the putative class.  *Thiessen*, 267 F.3d at 1110-11.

1.   Failure to Promote Claim

Plaintiff Britton filed her first EEOC charge on August 18, 2003.  In the charge, she alleged discrimination based on race and sex, and stated:

> I was hired by Respondent April 23, 2001 as Assistant to the Regional Manager.  Throughout my employment, I have been denied promotions to store manager positions while less qualified white males are promoted to these positions. This discrimination is ongoing and systemic.  Respondent engages in a pattern and practice of discrimination in that white males are promoted to store manager positions while non whites and females are not.  I am being discriminated against on the basis of gender and race in violation of Title VII of the Civil Rights Act fo 1964 and the Colorado Anti-discrimination Act, all as amended.  All persons similarly situated are also victims of this systemic discrimination.

Defendants contend that the only individuals who can "piggyback" onto this charge are

those who could have filed a timely EEOC charge for denial of <u>promotion</u> after October 23, 2002, which is 300-days prior to the date Plaintiff filed her charge.  Defendants maintain that the proposed class cannot include women who applied for management positions within Car Toys, but were never hired, and cannot include claims that occurred prior to October 23, 2002.  However, I need not determine whether putative class members who were not hired into management positions can "piggyback" onto Plaintiff's August 18, 2003 charge, because Plaintiff has not asserted a claim for failure to hire.

Plaintiff's First Claim for Relief for failure to promote in violation of Title VII is the only claim in the Complaint which Plaintiff purports to bring on behalf of herself and the putative class members.  Plaintiff filed a Motion to Amend Complaint on March 24, 2006, in which she requested, among other things, to amend her Complaint to expand her failure to promote claim to include Car Toys' alleged failure to hire women directly into management positions.  The motion to amend was referred to Magistrate Judge Coan, who recommended that Plaintiff's request to add a claim for failure to hire be denied.  The recommendation further found that such amendment would be futile because Plaintiff was "not likely to meet the requirements of Rule 23 concerning representation of a group of women who were not *hired* because she does not 'possess the same interest and [has not suffered] the same injury' as women who were not hired. *See General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147, 156-61 (1982).  I affirmed and adopted Magistrate Judge Coan's recommendation on July 11, 2006, and I see no reason to reconsider that ruling.  Because Plaintiff has not brought

a claim for failure to hire, the putative class cannot include claims on behalf of women who applied, but were not hired into management positions with Car Toys, regardless of the scope of Plaintiff's August 18, 2003, charge.

While Defendants concede that the putative class could include "female employees who were denied promotion to a management position in a Colorado [Car Toys] store," they maintain that the scope of the class must be limited to women denied promotion between October 23, 2002 and July 29, 2004. Plaintiff maintains that the equitable tolling doctrine allows this Court to assume jurisdiction over her failure to promote claim from the date she was initially hired in April 23, 2001, because when she initially accepted a non-management position with Car Toys, she did so in reliance on Defendant Cameron's representations that she would be "fast tracked" into a management position. Plaintiff states that she did not become aware that such representations were false until a year later when she was asked to train a less qualified male employee for a store manager position. According to Plaintiff, she refrained from filing a complaint throughout this time period in reliance on Defendant Cameron's assurances that she would be placed in a store manager position. Plaintiff asserts that the date she was hired is the appropriate date for the assumed filing of her first Charge, making the 330-day "look back" period begin on June 27, 2000.

The doctrine of equitable tolling "provide[s] for tolling of the statute of limitations when a plaintiff's unawareness of his ability to bring a claim - either unawareness of the facts necessary to support a discrimination charge or unawareness of his legal rights - is due to defendant's misconduct." *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1235

(10th Cir. 1999) (internal quotations omitted).  In Colorado, ADEA and Title VII complainants must file a charge of discrimination with the  Equal Employment Opportunity Commission ('EEOC') within 300 days after the alleged unlawful discriminatory practice occurred." *Bullington v. United Air Lines, Inc.,* 186 F.2d 1301, 1310 (10th Cir. 1999).  Plaintiff is essentially requesting that I apply the equitable tolling doctrine to her failure to hire claim.  As discussed above, Plaintiff has not brought such a claim and, as such, there is no reason to apply the doctrine of equitable tolling in this case.  Plaintiff timely filed a charge of discrimination in connection with her failure to promote claim, and the only putative class members who may piggyback onto this charge are women who could have filed a timely charge for failure to promote with the EEOC "on the same date as Plaintiff."  Therefore, with respect to Plaintiff's First Claim for Relief for failure to promote, the putative class is limited to "all women who applied for and were denied promotion to a management position within Car Toys Colorado region between October 23, 2002 and July 29, 2004."

2.   <u>Harassment / Retaliation Claim</u>

Plaintiff also purports to bring class claims on behalf of all women employed by Car Toys from 2000 through January 1, 2006 who have been subjected to Car Toys' discriminatory policies and practices related to harassment and retaliation.  I note that Plaintiff's Second and Third Claims for Relief for Retaliation and Harassment state only that they are brought on behalf of Plaintiff individually, and do not state that they are brought on behalf of the class.  In any event, Defendants contend that the single-filing rule may not be invoked by the putative class members with respect to this charge

because the charge gives no notice that it is made on behalf of others.  Plaintiff

Britton's  second charge of discrimination, filed on November 7, 2003, states as follows:

> Since filing my Charge of Discrimination, Respondent has
> retaliated against me.  The retaliatory acts include: on
> October 22, 2003, my regional manager came to my store,
> required me to sit with him in a closed room for more than
> two hours and stated it would be best for me and my
> children if I dropped this Charge; prior to this event and on
> October 10, 2003, I was written up for allegedly being late to
> work even though Respondent previously approved for me
> to arrive at work after ensuring my son had been picked up
> by the school bus and other white males are consistently
> late to work.  I have been subjected to unwanted sexual
> commentary creating a hostile environment.  This conduct
> includes being subjected to lewd commentary including
> twice being presented with offensive written material that
> states how many calories a man can burn while removing a
> woman's clothes without her consent.  This constitutes
> unlawful harassment and retaliation in violation of Title VII of
> the Civil Rights Act of 1964, as amended by the 1991 Civil
> Rights Act and The Colorado Anti-Discrimination Act, as
> amended.

The Tenth Circuit most recently examined the scope of the single-file rule in

*Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191 (10th Cir. 2004).  *Foster* noted that "'in a

multiple-plaintiff, non-class action suit, if one plaintiff has filed a timely EEOC complaint

as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out

of similar discriminatory treatment in the same time frame need not have satisfied the

filing requirement.'" *Id.* at 1197 (quotation omitted).  It further stated that "'[t]he principle

behind the piggybacking rule is to give effect to the remedial purposes of the ADEA and

to not exclude otherwise suitable plaintiffs from an ADEA class simply because they

have not performed the useless act of filing a charge.'" *Id.* (quotation omitted).  "The

act of filing a charge is deemed 'useless' in situations in which the employer is already on notice that plaintiffs may file discrimination claims, thus negating the need for additional filings." *Id.*

*Foster* then addressed the various tests used to determine when the single filing rule would apply.  It stated:

> The broadest test requires only that the claims of the administrative claimant and the subsequent plaintiff arise out of the same circumstances and occur within the same general time frame. . . . A somewhat narrower test requires that the administrative claim give notice that the discrimination is 'class-wide,' i.e., that it alleges discrimination against a class of which the subsequent plaintiff is a member. A still narrower test requires that the administrative charge not only allege discrimination against a class but also allege that the claimant purports to represent the class or others similarly situated.

*Id.* at 1197-98 (quoting *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 195 (6th Cir. 1995)) (internal quotation marks omitted).

*Foster* went on to note that this Circuit recognized the single filing rule in *Thiessen*, but that it was not "entirely clear from *Thiessen* which test has been adopted by this circuit."  *Id.*  "*Thiessen* references both the broadest test, allowing a non-filing plaintiff 'to piggyback on the EEOC complaint filed by another person who is similarly situated,' . . . and the somewhat narrower test, requiring that 'the EEOC charge actually filed gave the employer notice of the collective or class-wide nature of the charge.'"  *Id.* (quotation omitted).  *Foster* declined to decide which of the two tests referenced by *Thiessen* should apply in determining whether the single filing rule applies.  *Id.* at 1199 ("[w]e need not decide at this time whether the Group 2 plaintiffs must satisfy the

broadest test for determining whether the rule applies or the slightly narrower test, as the plaintiffs have satisfied the requirements of each"). However, *Foster* did appear to rule out the narrowest test. *Foster* concluded that the single-filing doctrine was applicable in that case and found that "the plaintiffs' unexhausted claims stem from the same conduct as the filed charges." *Id*.

Here, Plaintiff's November 7, 2003, charge relates to specific incidents of harassment and retaliation against her, rather than a group of individuals. Plaintiff does not allege systemic harassment or retaliation or a single policy or plan implemented by Car Toys that was generally applicable to a single class of employees. As discussed in Foster, when a class of individuals has each been subjected to the same conduct noted in the filed charges, it is unnecessary for each individual victim to file a separate charge. *Foster*, 365 F.3d at 1198. For example, if an employer "'has fired every worker over the age of 40 and one of them has filed a timely charge, he can guess that others will, and there is no need to flood the EEOC with identical charges.'" *Id*. (quoting *Horton v. Jackson County Bd. of County Comm'rs.*, 343 F.3d 897, 899 (7th Cir. 2003). Here, Plaintiff does not allege a pattern or practice of discrimination in her charge, nor does the charge give any indication that the conduct complained of affected anyone other than Plaintiff. While specific or explicit language need not be utilized in order to adequately provide notice of a class action, the charge must be precise enough to put Car Toys on notice that other individuals might file discrimination and harassment claims with respect to the same conduct. *See Foster*, 365 F.3d at 1198-99. While Plaintiff has alleged wide-spread and pervasive harassment in her

Complaint, these are not the allegations framed in her EEOC charge.  The putative

class proposed by Plaintiff would include all women employed by Car Toys who were

subject to harassment and retaliation in all of Car Toys' various Colorado locations.

Plaintiff's November 7, 2003, charge is simply insufficient to give Car Toys and the

EEOC notice of the nature and scope of these allegations.

Because the incidents of harassment and retaliation described by Plaintiff relate

solely to her, I find that the single-file rule does not apply with respect to Plaintiff's

harassment and retaliation claims.[2]  Therefore, the court lacks jurisdiction over a class

of "women employed by Car Toys . . . from 2000 through January 1, 2006 who have

been subjected to Car Toys' discriminatory policies and practices related to . . .

harassment and retaliation," and I need not conduct a Rule 23 analysis with respect to

these individuals.

B.      Rule 23(a) Requirements

Having found that the only putative class members who can satisfy the

administrative exhaustion requirements are "all women who applied for and were

denied promotion to a management position within Car Toys Colorado region between

October 23, 2002 and July 29, 2004,"  I now address whether the proposed class

meets the requirements of Rule 23(a).

A class action is a unique procedural device designed for those peculiar

_____

[2]Because I find that the putative class members alleging retaliation and
harassment cannot not invoke the single-file rule, I need not address Plaintiff's
contention that female employees whose employment terminated prior to October 23,
2002 but who were victims of a hostile environment may be included in the class.

circumstances where factual and legal issues are common to a class. *General Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982). The principal reason for a class action is the saving in resources -- i.e., judicial economy -- that it offers for both the parties and the courts. *Falcon*, 457 U.S. at 155. In order to maintain a class action, the plaintiff must satisfy all the requirements of Rule 23. *Kelley v. Mid-America Racing Stables, Inc.*, 139 F.R.D. 405, 408 (W.D. Okla. 1990).

More precisely, the plaintiff must satisfy the four prerequisites set forth in Rule 23(a) -- referred to in shorthand as (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation -- as well as one of the requirements enumerated in Rule 23(b). The determination of whether they have done so is a matter within the court's sound discretion. *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982), *cert. denied*, 460 U.S. 1069 (1983).

Certification is appropriate only if the court is content, "after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Falcon*, 457 U.S. at 161. In ruling on plaintiffs' motion for class certification under Rule 23, the court's inquiry is limited to whether the requirements of Rule 23 have been satisfied. The underlying merits of the proposed class action claim may not be considered. *See Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1189 (10th Cir. 1975) (stating that lack of merit is an insufficient reason to deny class certification because it is not specifically enumerated in Rule 23(a)); *Edgington v. R.G. Dickinson & Co.*, 139 F.R.D. 183, 188 (D. Kan. 1991) ("Rule 23 does not authorize a court to inquire into the merits of the suit or to permit any such inquiry to influence its decision on certification") (citing *Eisen v. Carlisle &*

*Jacquelin*, 417 U.S. 156, 177 (1974)).

The decision necessarily entails weighing the practical and prudential considerations raised by the particular facts of each case. *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988). In other words, "[g]ranting or denying class certification is a highly fact-intensive matter of practicality." *Monreal v. Potter*, 367 F.3d 1224, 1238 (10th Cir. 2004). "In making the decision, the courts have [generally] erred in favor of certification since the decision is not set in stone, but is subject to later modification." *Edgington*, 139 F.R.D. at 188; *see also Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir. 1988) ("if there is error to be made, let it be in favor and not against the maintenance of a class action"), *cert. denied*, 394 U.S. 928 (1969)).

    1.   <u>Numerosity</u>

The burden is upon the plaintiff seeking to represent a class to establish that the class is so numerous as to make joinder impracticable. *Peterson v. Oklahoma City Housing Authority*, 545 F.2d 1270, 1273 (10th Cir. 1976)

It is hard to determine whether Plaintiff has met this requirement with respect to the putative class. At the hearing, Plaintiff noted that it is difficult to assess the actual number of women from within the company who applied for management positions, because Defendants do not keep accurate records of these individuals. Defendants contend that the numerosity requirement is not satisfied, and notes that out of the 17 declarations Plaintiff submitted in support of her motion, ten are by women whose employment with Car Toys ended prior October 23, 2002, and none are from women who applied for a management position with Car Toys. I agree with Plaintiff that a

precise number of putative plaintiffs is not required to satisfy the numerosity

requirement and, in light of Car Toys' alleged failure to keep accurate records

regarding the number of women within the company who applied for management

positions, I find that Plaintiff has met her burden regarding the numerosity requirement

at this stage of the proceeding.

## 2.   Commonality

Commonality for purposes of Rule 23(a) "'"requires only a single issue common

to the class.'" *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1288 (10th Cir. 1999)

(quotation and citations omitted).  Thus, the commonality requirement is met if Plaintiff

and the putative class members' claims "share a common question of law or of fact. *Id.*

Further, "'[t]hat the claims of individual class members may differ factually should not

preclude certification under Rule 23(b)(2) of a claim seeking the application of a

common policy.'" *Id.* (quotations omitted).  Commonality is not necessary on every

issue raised in a class action. *Realmonte v. Reeves*, 169 F.3d 1280, 1285 (10th Cir.

1999).  Also, "differing fact situations of class members do not defeat typicality under

Rule 23(a)(3) so long as the claims of the class representative and class members are

based on the same legal or remedial theory." *Adamson v. Bowen*, 855 F.2d 668, 676

(10th Cir. 1988).  The commonality requirement under Rule 23(a) is much less

demanding than the predominance requirement of Rule 23(b)(3), discussed below.

*See Monreal v. Potter*, 367 F.3d 1224, 1237 (10th Cir. 2004).

Plaintiff has alleged that management hiring decisions in the Colorado region

were all made by Defendant Bruce Cameron.  Defendants dispute this allegation and

contend that while Cameron "had a role in" the appointment of managers, he was not the sole decisionmaker.  Defendants also contend that the "decentralized nature" of its decisionmaking process "defeats plaintiff's attempt to convert separate decisions by various people into a company-wide policy."  However, I must not inquire into the merits of the case at this stage.  Whether Defendant Cameron and Car Toys intentionally failed to promote individuals to management positions based on their sex is an issue common to all of the putative class members, and I find that the commonality element is satisfied in this case.

      3.    <u>Typicality</u>

      Plaintiff argues that her claims are typical of those of the class, arise from the same conduct, and share the same injury.  Plaintiff contends that her claims of discrimination in Defendants' selection of store managers is typical of any woman who was not hired to the store manager position.  Defendants contend Plaintiff's claims are merely individual claims for relief and are not typical of any applicant's claim or of all employees across all time, positions and stores.

      Turning to my analysis, "[t]ypicality insures that the class representative's claims resemble the class's claims to an extent that adequate representation can be expected."  *In Re Intelcom Group, Inc. v. Securities Litig.*, 169 F.R.D. 142, 149 (D. Colo. 1996).  "The rationale behind the requirement that the class representative's claims be typical of the class claims is recognition that a plaintiff with claims typical of the class will, in pursuing and defending his own self interest in the litigation, be concomitantly advancing or defending the interests of the class."  *Dubin v. Miller*, 132 F.R.D. 269, 274

(D. Colo. 1990) (citing 1 H. Newberg, Newberg on Class Actions § 3.22, at 199 (2d ed. 1985)).

"'The requirement of typicality dovetails into the requirement of adequacy of representation.'" *Intelcom Group*, 169 F.R.D. at 149 (quotation omitted). "'Typicality ensures that the class representative's claims resemble the class's claims to an extent that adequate representation can be expected.'" *Id.* (quotation omitted). "'Consequently, an important part of typicality is the inquiry into whether the representative's interests or claims are antagonistic or adverse to those of the class.'" *Id.* (quotation omitted).

Here, I find that Plaintiff's claims are typical of those of the putative class members who applied internally for promotion to a management position and were not hired. In addition I find that Plaintiff's interests are not antagonistic or adverse to those of the class. Thus, the typicality requirement has been satisfied.

### 4.   Adequacy of representation

Plaintiff contends that she will fairly and adequately protect the interests of the class, and has no interests that are in conflict with the class. The Tenth Circuit holds that adequacy of representation depends on resolution of two questions. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187 (10th Cir. 200). These questions are: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Id.* at 1187-88 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). Further, "[b]oth the class representative

and his or her attorney must have the means and capacity for vigorous prosecution of the class action", *Intelcom Group*, 169 F.R.D. at 149, and must be qualified pursuant to Rule 23(g).

In the case at hand, I find that Plaintiff has not been shown to have any conflicts of interest with other class members.  Finally, I find that Plaintiff has met her burden of showing that she and her counsel will prosecute the action vigorously on behalf of the class, and Defendants have presented no evidence to the contrary.

C.     Rule 23(b)(2) & (B)(3) Requirements

Because I find that Plaintiff satisfies the threshold requirement of Rule 23(a), I now inquire as to whether she can satisfy any of the three categories of suits set forth in Rule 23(b).

a.     Rule 23(b)(2) Certification

Plaintiff first requests certification of the putative class under Rule 23(b)(2), which requires that I find "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

In this case, Plaintiff seeks declaratory and injunctive relief, actual economic damages for Plaintiff and each of the members of the Class, compensatory damages for Plaintiff and for members of the class, pre-judgment and post-judgment interest, and attorney's fees and costs.  Subsection 23(b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages."  *See* Fed. R. Civ. P. 23 advisory committee note; *Monreal v. Potter*, 367 F.3d 1224, 1236

(10th Cir. 2004). Here, as in the *Monreal* case, Plaintiff has failed to articulate a policy - other than general non-compliance with Title VII - that could be the subject of injunctive or declaratory relief. Indeed, Plaintiff's request for declaratory or injunctive relief set forth in her Complaint seeks to require Defendants to "cease all illegal discrimination against and sexual harassment of its female employees, all retaliation against any of its employees, and to institute and enforce policies preventing such illegal harassment in the future." Injunctions must be specific and, generally, injunctions requiring a Defendant to obey the law are to vague to satisfy the requirements of Fed. R. Civ. P. 65. *Monreal*, 367 F.3d at 1236 (citing *Keyes v. Sch. Dist. No. 1, Denver, Colo.,* 895 F.2d 659, 668 & n. 5 (10th Cir. 1990)). Because the relief sought in connection with Plaintiff's failure to promote claim does not lend itself "to the formulation of appropriate class-wide injunctive or declaratory relief," I cannot say that the primary relief sought in this case is injunctive relief. Therefore, I find that the putative class cannot be certified under Rule 23(b)(2).

> b.    Predominance under Rule 23(b)(3)

Plaintiff also contends that the putative class is properly certified under Rule 23(b)(3), which permits class certification where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members" such that a class action is the superior to other available methods for fair adjudication of the controversy. As a qualitative standard, courts have struggled over what it means for common questions of law and fact to predominate over individual ones. The Supreme Court holds that "[t]he Rule 23(b)(3) predominance inquiry tests

whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997).  The Tenth Circuit holds that the predominance inquiry looks for "a common nucleus of operative facts" and "material variations in elements" to the respective claims of the class representative and class members.  *Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir. 1968), *cert. denied*, 394 U.S. 928 (1969); *see also In re Storage Technology Corp. Sec. Litig.*, 113 F.R.D. 113 (D. Colo. 1986).

As discussed above, the commonality requirement under Rule 23(a) is much less demanding than the predominance requirement of Rule 23(b)(3).  *See Monreal*, 367 F.3d at 1237.  Here, while I find that Plaintiff has established commonality with respect to her failure to promote claim, I must conclude that she fails to meet the far more demanding "predominance" requirement of Rule 23(b)(3).  Plaintiff has failed to allege any common issue of fact or law other than violation of Title VII.  Plaintiff maintains that she has alleged both a pattern of discrimination in Defendants' failure to promote women as well as a "standardized employment practice or policy" common to all members of the putative class.  Plaintiff lists several "policies" she contends are common to all class members including (1) "Car Toys' decision to use completely subjective methods for making store manager selections, thereby permitting regional managers to use entirely subjective and discriminatory factors;" (2) "Car Toys' decision to entrust managers with the discretion to post job vacancies after management positions have been filled or to not post them at all, thereby denying women the chance to apply and giving the appearance that women in general do not apply;" and (3) "Car

Toys' decision not to exercise oversight or to keep records or to conduct any internal review of the grounds on which candidates are selected for store manager or the number of women in their workforce, ensuring that the discriminatory bias that infects regional manger decisions goes unaddressed." Plaintiff essentially contends that Car Toys' failure to implement objective criteria for the selection of individuals to store manager positions has resulted in a lack of women store managers and allowed those individuals hiring store managers to discriminate against women who apply for such positions. However, these allegations do not articulate a specific, overarching policy of discrimination that was applied to all class members in the same way. The United States Supreme Court noted in *General Telephone Co. v. Falcon*, 457 U.S. 147, 157 (1982), that while across-the-board discrimination is "class discrimination," such allegations "neither determines whether a class action can be maintained in accordance with Rule 23 nor defines the class that may be certified." *See also Monreal*, 367 F.3d at 1237 ("despite the 'pattern and practice' characterization of their claim, Plaintiffs have not identified any overarching policy which commonly affects the class members"); *Thiessen*, 267 F.3d at 1108 ("[w]e do not hold that whenever there is evidence of a pattern-or-practice, a class must be certified"). While Plaintiff has alleged that Car Toys' failure to promote her was the result of a pattern of discrimination, she has failed to articulate a common nucleus of operative facts that affect all class members with any degree of specificity. Allegations that a defendant allowed management to intentionally discriminate against a particular group of individuals in connection with their promotion, is insufficient to meet the requirements of

Rule 23(b)(3). *Monreal*, 367 F.3d at 1237.  Therefore, I find that Plaintiff has failed to satisfy the "predominance" requirement and the putative class cannot be certified under Rule 23(b)(3).

      c.   <u>Hybrid Certification</u>

Plaintiff also requests that I consider a "hybrid" certification whereby the liability stage is certified for class treatment under Rule 23(b)(2), even if the damages stage does not qualify for such treatment.  Under this approach, the class would be certified under Rule 23(b)(2), but the Court would utilize a notice and opt out procedure akin to that provided by Rule 23(b)(3).  Plaintiff notes that this "hybrid" approach, while not yet considered by the Tenth Circuit, has been adopted by several other Circuits.  *See, e.g. Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003).  However, I need not consider whether a hybrid certification is appropriate in this case because the proposed class does not satisfy either Rules 23(b)(2) or 23(b)(3)'s requirements.

III.   <u>CONCLUSION</u>

   In conclusion, for the reasons set forth above, it is hereby

ORDERED that Plaintiff's Motion for Class Certification, filed July 26, 2006 (docket #113) is **DENIED**.

Dated:  November 30, 2006

                       BY THE COURT:

                       s/ Wiley Y. Daniel
                       Wiley Y. Daniel
                       U. S. District Judge