IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-726-WYD-PAC

MONICA BRITTON, individually and on behalf of all persons similarly situated,

      Plaintiff(s),

v.

CAR TOYS, INC; and
BRUCE CAMERON,

      Defendant(s).

---

## ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION

---

THIS MATTER is before the Court in connection with Plaintiff's Second Motion to Compel Discovery, filed June 22, 2006 (docket #95).  This motion was referred to United States Magistrate Judge Coan for a recommendation by memorandum dated June 23, 2006.  A Recommendation by Magistrate Judge Watanabe, for Magistrate Judge Coan, was issued on October 4, 2006, and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Magistrate Judge Watanabe recommends therein that Plaintiff's motion to compel be denied in its entirety. *Recommendation* at 5.  Plaintiff filed an Objection to the Recommendation on October 16, 2006.  Defendants filed a Response in opposition to the Objection on November 1, 2006, and Plaintiff filed a Reply on November 27, 2006.  Since Plaintiff filed a timely Objection, I must review Magistrate Judge Watanabe's Recommendation to determine whether it is "clearly erroneous or contrary to law" since the nature of the matter is

nondispositive.  FED. R. CIV. P. 72(a).  "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made."  *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993).

By way of background, I note that this is a sex discrimination action in which Plaintiff Monica Britton, contends that discriminatory promotion policies prevented women from attaining management positions within Defendant Car Toy's Inc.'s ("Car Toys") workforce.  According to Plaintiff, she was repeatedly passed over for promotion to store management positions despite the fact that she was more experienced and better qualified than the men who were ultimately hired.  Plaintiff asserts that she was retaliated against and constructively discharged.

In her second motion to compel, Plaintiff seeks to compel information pertaining to Defendant Car Toys' financial condition in support of her claim for punitive damages. She seeks production of Defendant Car Toys' Annual Reports, profit and loss statements and balance sheets from 1999 to present, and Defendant Car Toys' profit and loss statements and balance sheets for its Boulder store location from 1999 to present.  Plaintiff also requests production of various records related to Defendant Car Toy's hiring practices in its Washington Region.

A.    Request for Discovery Pertaining To Defendant's Washington Region

I first address Plaintiff's request for discovery relating to hiring practices in Defendant Car Toys' Washington Region.  I note that Plaintiff was employed by Car Toys' in its Colorado Region, and her Motion for Class Certification was denied by

Order dated November 30, 2006.  Given that the scope of this action is now limited to Plaintiff's individual claims, I find that Magistrate Judge Watanabe's conclusion that there is "no appropriate ground on which to allow" discovery relating to Car Toys' promotional practices in Washington is not clearly erroneous or contrary to law. Therefore, I affirm Magistrate Judge Watanabe's conclusion that Plaintiff is not entitled to discovery with respect to Car Toy's promotional practices in Washington.

B.  Request for Financial Records

I next address Plaintiff's request for financial information.  Plaintiff asserts that the contested financial information is relevant in this case because it can be considered in determining punitive damages.  Defendant Car Toys has objected to production of the requested financial documents, asserting that the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant Car Toys further asserts that the requests are overly broad, unduly burdensome, and seek confidential and proprietary information.

In the Recommendation Magistrate Judge Watanabe notes that Plaintiff's request for punitive damages in this case is based on paragraphs 44 and 50 of her Complaint, in which she alleges that, with respect to her retaliation and hostile work environment claims, "Defendants' conduct was engaged in with malice or with reckless indifference to the federally protected rights of Plaintiffs within the meaning of Title VII." *Recommendation* at 2.  Magistrate Judge Watanabe reasoned that the standard for obtaining punitive damages requires proof that the defendant "acted with malicious, willful or gross disregard of a plaintiff's rights over and above intentional

discrimination." *Recommendation* at 3 (citing "*Juarez v. ACS Government Solutions Group, Inc.*, 314 F.3d 1243, 1247 (10th Cir. 2003)).  Magistrate Judge Watanabe concluded that Plaintiff's renewed request for financial information "does not present anything new or different from her previous request and does not appear to be based on anything beyond the assertions in her complaint." *Recommendation* at 3.

In her Objection, Plaintiff contends that in denying her request for production of Defendant Car Toys' financial information Magistrate Judge Watanabe erroneously applied the standard of proof used to determine whether Plaintiff is ultimately entitled to punitive damages, rather that the liberal discovery standard set forth in Rule 26. Plaintiff maintains that information regarding a defendant's net worth and financial condition is relevant and discoverable in a civil rights matter because it may be considered in determining punitive damages.  Plaintiff also notes that, with respect to Defendants' objections based on confidentiality, this Court has already entered a Protective Order governing the production of confidential and proprietary documents.

As an initial matter, I note that there is no evidence in the record which would allow me to determine the basis for Magistrate Judge Coan's initial decision to deny Plaintiff discovery related to Defendants financial condition.  It appears that the issue was raised in a hearing on Plaintiff's initial motion to compel, in which Magistrate Judge Coan determined that no discovery would be allowed "at this time, regarding defendants' financial information."  *See* Courtroom Minutes dated march 27, 2006 (docket #63).  Therefore, I cannot affirm Magistrate Judge Watanabe's decision to deny Plaintiff discovery based on his conclusion that Plaintiff's second motion to compel

"does not present anything new or different from her previous request . . . ."

Next I note that Rule 26(b) states that "[p]arties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action." FED. R. CIV. P. 26(b)(1).  Relevant or discoverable evidence under FED. R. CIV. P 26 has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Here, Plaintiff has alleged in her Complaint that she is entitled to punitive damages because Defendants acted with malice or reckless indifference to her federally protected rights.  Evidence regarding a defendant's earnings and assets may be relevant in proving punitive damages.  *See generally Continental Trend Resources, Inc. v. OXY USA Inc.*, 101 F.3d 634, 641 (10th Cir. 1996).  Defendant Car Toys points out that courts in other jurisdictions have held that evidence of the wealth of a corporation is not relevant to determining a punitive damage award.  Defendant also cites cases from the United States District Court for the District of Kansas for the proposition that discovery of financial information should not be allowed unless the plaintiff shows the claim of punitive damages is not spurious.  However, Defendant Car Toys has not pointed to any controlling authority in the Tenth Circuit that would require Plaintiff to prove she is actually entitled to punitive damages prior to obtaining discovery on this issue.  Therefore, to the extent Magistrate Judge Watanabe based his decision of the standard of proof required for punitive damages at trial, I find that conclusion to be clearly erroneous and contrary to law.

I further find that information related to Defendant Car Toys' financial condition is "relevant to the subject matter involved in the pending action" under Rule 26(b)(1). Although relevant, Defendant nevertheless objects to the overbreadth of Plaintiff's request, and state that "Plaintiff presented no legitimate reason for requesting more than six years of financial documents, multiple forms of such documents and separate records for the entire corporation and for a single store."  I agree that Plaintiff's request to review annual reports, profit and loss statements and balance sheets from 1999 to present is overly broad.  I find that Plaintiff is entitled to Defendant Car Toys' Annual Reports, profit and loss statements and balance sheets only for the most recent three year period for which that information is available.  I further find that Plaintiff is entitled to Defendant Car Toys' profit and loss statements and balance sheets for its Boulder store location for the most recent three year period for which that information is available.  Finally, I note that Plaintiff has agreed that these documents shall be produced consistent with the existing Protective Order in this case.

In Conclusion, it is hereby

ORDERED that the Recommendation of United States Magistrate Judge Watanabe, for Magistrate Judge Coan, dated October 4, 2006, is **AFFIRMED and ADOPTED IN PART AND REJECTED IN PART**. In accordance therewith, it is

ORDERED that Plaintiff's Second Motion to Compel Discovery, filed June 22, 2006 (docket #95) is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

Dated:  May 9, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge